IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HENDRI HARRIS, | : | CIVIL ACTION |
| | : | FILE NO. |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | JURY TRIAL |
| J & H HOSPITALITY, LLC f/k/a J & H | : | DEMANDED |
| HOSPITALITY, INC. d/b/a MICROTEL INN & | : | |
| SUITES STONE MOUNTAIN, | : | |
| | : | |
| Defendant. | : | |

## **COMPLAINT**

Plaintiff Hendri Harris ("Harris"), by and through undersigned attorneys,

asserts claims against Defendant J & H Hospitality, LLC f/k/a J & H Hospitality,

Inc. d/b/a Microtel Inn & Suites Stone Mountain ("J & H Hospitality") under the

Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"),

for minimum wage and overtime pay compensation and other relief on the grounds

set forth as follows:

1

## PRELIMINARY STATEMENT

### 1.

This is an FLSA case in which Harris, a maintenance worker alleges that he was not paid the minimum and overtime wages required under the FLSA. Specifically, Harris alleges that he worked over 56 hours per week and was paid $300 per week.

## JURISDICTION AND VENUE

### 2.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this case arises under the FLSA, a federal statute that affects interstate commerce.

### 3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims herein arose in this judicial district. Venue is also appropriate in this judicial district as Defendant J & H Hospitality has its registered agent for service in this district.

## PARTIES

4.

Plaintiff Harris is a natural person and former employee of Defendant, which does business as a Microtel motel in Lithonia, Georgia.

5.

Defendant J & H Hospitality is a Georgia Limited Liability Company licensed to do business in the State of Georgia and which does business as a Microtel motel in Lithonia, Georgia.

6.

Defendant J & H Hospitality changed its corporate structure from a corporation (*i.e.* J & H Hospitality, Inc.) to a Limited Liability Company (*i.e.* J & H Hospitality, LLC) on April 11, 2022.

7.

Defendant J & H Hospitality is subject to the personal jurisdiction of this Court.

8.

Defendant may be served with process via service on its registered agent, Jaynil Patel at 2970 Clairmont Road, NE, Suite 945, Brookhaven, Georgia 30329.

## FACTUAL ALLEGATIONS

### 9.

Plaintiff Harris was employed by Defendant J & H Hospitality from approximately 2015 through approximately September May 6, 2020 as a maintenance worker.

### 10.

Throughout his employment with J & H Hospitality, Harris resided and worked at the Microtel Inn & Suites located at 2980 Evans Mill Road, Lithonia, Georgia.

### 11.

The Microtel Inn & Suites located at 2980 Evans Mill Road, Lithonia, Georgia 30038 is owned and operated by J & H Hospitality.

### 12.

Throughout his employment, the primary job duty of Harris was to perform maintenance work at the motel for J & H Hospitality.

### 13.

Throughout his employment, Harris performed laundering services on weekends for J & H Hospitality.

14.

Throughout his employment, the work done by Harris as a maintenance worker was an integral and essential part of Defendant's business of operating a motel.

15.

Throughout his employment, the work done by Harris as a launderer was an integral and essential part of Defendant's business of operating a motel.

16.

Harris was an employee engaged in commerce and was employed by an enterprise engaged in commerce, *i.e.* working as a maintenance worker in a motel which is part of a national motel and hotel chain.

17.

From approximately September 2, 2019 through September 2, 2022 (hereinafter the "Relevant Time Period"), Harris worked 7 days per week.

18.

Throughout the Relevant Time Period, Defendant scheduled Harris to work 8 hours each workday.

19.

During the Relevant Time Period, Harris normally worked from 7:00 a.m. until 3:00 p.m., Monday through Friday and 8 hours each Saturday and Sunday.

20.

During the Relevant Time Period, Harris typically worked 56 hours per week.

21.

At times during the Relevant Time Period, Harris worked more than 56 hours per week.

22.

Throughout the Relevant Time Period, J & H Hospitality compensated Plaintiff at a rate of $600.00 every two weeks (*i.e.* $300.00 each work week).

23.

Throughout the Relevant Time Period J & H Hospitality compensated Harris on a salary basis.

24.

Throughout the Relevant Time Period, J & H Hospitality did not compensate Harris on an hourly basis.

25.

J & H Hospitality knew or should have known that 29 U.S.C. § 206 requires that J & H Hospitality compensate Harris at a rate of at least $7.25 per hour for every hour worked in a work week.

26.

At all times material hereto, J & H Hospitality failed to compensate Harris at a rate of $7.25 per hour for each hour he worked.

27.

At all times material hereto, J & H Hospitality willfully failed to compensate Harris at a rate of $7.25 per hour for each hour he worked.

28.

29 U.S.C. § 207 requires that J & H Hospitality compensate Harris at a rate of one-and-one-half times his regular rate for all time worked in excess of forty (40) hours in a work week.

29.

J & H Hospitality knew or should have known that the 29 U.S.C. § 207 requires that J & H Hospitality pay Harris a premium for all hours worked above forty hours in any given workweek.

30.

At all times material hereto, Harris regularly worked more than forty (40) hours during a given workweek.

31.

At all times material hereto, J & H Hospitality failed to pay Harris at one-and-one-half times his regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

32.

At all times material hereto, J & H Hospitality willfully failed to pay Harris at one-and-one-half times his regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

33.

J & H Hospitality was an "employer" of Harris within the meaning of 29 U.S.C. § 203(d) as it was acting directly or indirectly in the interest of J & H Hospitality in its interactions with Harris and controlled the terms and conditions of employment of Harris on a day-to-day basis.

34.

Defendant J & H Hospitality is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1) and has been in each of the years 2019, 2020, 2021 and 2022.

35.

In 2019, J & H Hospitality had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

36.

In 2019, J & H Hospitality had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

37.

In 2019, J & H Hospitality had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

38.

In 2020, J & H Hospitality had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

39.

In 2020, J & H Hospitality had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

40.

In 2020, J & H Hospitality had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

41.

In 2021, J & H Hospitality had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

42.

In 2021, J & H Hospitality had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

43.

In 2021, J & H Hospitality had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

44.

In 2022, J & H Hospitality had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

45.

In 2022, J & H Hospitality had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

46.

In 2022, J & H Hospitality had or is expected to have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

47.

At all relevant times, Harris was an "employee" of Defendant J & H Hospitality within the meaning of 29 U.S.C. § 203(e)(1).

48.

J & H Hospitality has failed to meet the requirements for any of the exemptions from the application of the minimum wage or overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

49.

Upon information and belief, in failing or refusing to pay Harris minimum wages or overtime wages as required by the FLSA, J & H Hospitality has not relied on any letter ruling from the Department of Labor indicating that Harris was not entitled to overtime.

50.

J & H Hospitality's conduct constitutes willful violations of §§ 206 and 207 of the FLSA, entitling Harris to all relief afforded under the FLSA, including the award of liquidated damages.

## CLAIMS FOR RELIEF

## COUNT ONE

## VIOLATION OF 29 U.S.C. §§ 206 and 215
### (Minimum Wage Violations)

51.

Paragraphs 1 through 50 are incorporated herein by this reference.

52.

J & H Hospitality's failure to pay Harris the minimum wage required by law
for all work performed by Harris constitute violations of §§ 206 and 215 of the
FLSA.  Such violation is intentional and willful.

53.

Harris is entitled to be paid minimum wage for the first forty hours each
worked in each work week plus an equal amount in liquidated damages, plus
attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

## VIOLATION OF 29 U.S.C. §§ 207 and 215
### (Overtime Violations)

54.

Paragraphs 1 through 50 are incorporated herein by this reference.

55.

J & H Hospitality's failure to compensate Harris for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of § 207 and 215 of the Fair Labor Standards Act of 1938, as amended.  Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for Harris for unpaid overtime compensation throughout his employment, liquidated damages in an amount equal to the unpaid compensation, plus reasonable attorneys' fees and expenses of litigation pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Harris requests this Court:

(a)    Take jurisdiction of this matter;

(b)    Grant a trial by jury as to all matters properly triable to a jury;

(c)    Issue a judgment declaring that Harris was covered by the provisions of the FLSA and that J & H Hospitality has failed to comply with the requirements of the FLSA;

(d)    Award Harris payment for each hour worked up to forty hours in a workweek at the minimum wage rate required by law, plus liquidated

damages equaling 100% of the minimum wages due Harris, as required by the FLSA;

(e)     Award Harris payment for each overtime hour worked, calculated at one and one-half times the regular rate, plus liquidated damages equaling 100% of overtime due Harris, as required by the FLSA;

(f)     Award Harris prejudgment interest on all amounts owed;

(g)     Award Harris nominal damages;

(h)     Award Harris his reasonable attorney's fees and expenses of litigation pursuant to § 29 U.S.C. 216(b); and

(i)     Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 26th day of September, 2022.

|  |  |
|---|---|
| | **Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC** |
| 101 Marietta Street Suite 2650 Atlanta, Georgia 30303 (404) 979-3150 (404) 979-3170 (f) benjamin@dcbflegal.com charlesbridgers@dcbflegal.com | *s/ Mitchell D. Benjamin* Mitchell D. Benjamin Ga. Bar No. 049888 */s/Charles R. Bridgers* Charles R. Bridgers Ga. Bar No. 080791 Counsel for Plaintiff |

15